Filed 9/9/25  Crane Ridge Vineyards Owners' Assn. v. Tonna CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CRANE RIDGE VINEYARDS OWNERS' ASSOCIATION, <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> ROGER TONNA et al., <br><br>     Defendants and Appellants. | A168175 <br><br> (Alameda County <br> Super. Ct. No. 22CV014056) |

**MEMORANDUM OPINION**[1]

After Crane Ridge Vineyards Owners' Association (Crane Ridge) rejected multiple proposals from Roger and Mary Tonna to make architectural changes to Tonna property within Crane Ridge's jurisdiction, the parties went to mediation and signed a mediation settlement agreement (MSA) concerning the proposed changes.  Then, the Tonnas allegedly moved forward with unauthorized construction and Crane Ridge sued them for breach of the MSA, intentional misrepresentation, and declaratory relief,

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is nonpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

1

inter alia.  In response, the Tonnas filed an anti-SLAPP[2] motion under Code of Civil Procedure[3] section 425.16, arguing that Crane Ridge's claims arose from the Tonnas' constitutionally protected acts of applying to and petitioning Alameda County for a building permit.

In this appeal and cross-appeal, we review the resulting superior court order, which in relevant part denied the anti-SLAPP motion as to the intentional misrepresentation and declaratory relief claims and granted it as to the breach of contract claim.  As we explain below, the motion was correctly decided and we therefore affirm the superior court's order.[4]

"In deciding whether to grant a defendant's anti-SLAPP motion, courts engage in a two-step, burden-shifting analysis."  (*Golden Gate Land Holdings, LLC v. Direct Action Everywhere* (2022) 81 Cal.App.5th 82, 88.) "Under the first step," relevant here, "a court considers whether the defendant has made 'a prima facie showing that the plaintiff's "cause of action . . . aris[es] from" an act by the defendant "in furtherance of the [defendant's] right of petition or free speech . . . in connection with a public issue." ' " (*Id.* at p. 89.)  The court's "focus is on determining what 'the

---

[2] " 'SLAPP' is an acronym for 'strategic lawsuit against public participation.' "  (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 381, fn. 1.)

[3] All undesignated statutory references are to the Code of Civil Procedure.

[4] Accordingly, we reject Crane Ridge's argument urging us to direct the superior court to reverse its order awarding attorney fees to the Tonnas for the anti-SLAPP motion, and to award attorney fees to Crane Ridge as a "plaintiff prevailing" against a "frivolous" or dilatory motion.  (§ 425.16, subd. (c)(1).)  We grant Crane Ridge's unopposed request for judicial notice of the attorney fee order under Evidence Code section 452, subdivision (d), but we deny the Tonnas' request for judicial notice, which is procedurally deficient for its failure to explain "[w]hy the matter[s] to be noticed [are] relevant to the appeal."  (Cal. Rules of Court, rule 8.252(a)(2)(A).)

defendant's activity [is] that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning.' " (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1063.) "If the defendant cannot make such a showing, the anti-SLAPP motion must be denied, and the plaintiff is entitled to continue to litigate the cause of action." (*Golden Gate*, at p. 89.) If the defendant *has* made the first step's requisite showing, the plaintiff must then establish "that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) We review the superior court's ruling on an anti-SLAPP motion de novo.[5] (*Golden Gate*, p. 89.)

The Tonnas contend the superior court erred in determining that the complaint's fourth and fifth causes of action—intentional misrepresentation and declaratory relief, respectively—did not arise from any protected activity. "[T]he statutory phrase "cause of action . . . arising from" means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech." (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.) For the purposes of this first-step analysis, we assume the Tonnas' acts of applying to and petitioning Alameda County for a building permit are protected leaving only the question of whether Crane Ridge's intentional misrepresentation and declaratory relief claims *arise* from those acts in the relevant sense. For the reasons set forth below, we conclude they do not so arise.

---

[5] To whatever extent the Tonnas' invitation to "closely scrutinize complaints brought by homeowners' associations against their members" is an argument for applying a different standard of review in this case, we reject that argument as unsupported by any legal authority. (See *Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)

"The essential elements of . . . intentional misrepresentation are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage." (*Chapman v. Skype Inc.* (2013) 220 Cal.App.4th 217, 230–231.) Here, paragraph 41 of the complaint (paragraph 41) alleges the Tonnas' "representation that they intended to follow" a certain MSA-compliant plan "was false, and [the Tonnas] knew said representation was false when they made it, as [the Tonnas] immediately thereafter submitted substantial alterations to the . . . Plan directly to Alameda County without [Crane Ridge's] knowledge or approval."

Fairly construed, this allegation addresses the knowledge-of-falsity element of intentional misrepresentation. However, within the economy of the allegation, the Tonnas' submissions to Alameda County do not *constitute* the requisite knowledge; they serve as *evidence* of it.[6] Nor must the Tonnas' submissions to Alameda County be viewed as the injury-producing act, which is distinct from the knowledge-of-falsity element addressed in paragraph 41; as Crane Ridge observes in its response, the injury-producing act was the construction work undertaken by the Tonnas.[7] That conduct is alleged

---

[6] See *Park v. Board of Trustees of California State University*, *supra*, 2 Cal.5th at page 1060, explaining that "a claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted."

[7] At oral argument, the Tonnas contended the injury-producing act for Crane Ridge's intentional-misrepresentation claim must be the false *promise*. Assuming *arguendo* that this contention is true, it does not help the Tonnas. This is because the false promise identified by paragraph 40 of the complaint is the Tonnas' "October 2018 . . . represent[ation] to [Crane Ridge] that they intended to perform alterations to the Subject Property as illustrated on [the Tonnas'] plans dated March 5, 2018." ~(1CT 9, 2AA 312)~ But the Tonnas, who had the burden of making a prima facie showing that the cause of action

previously in the complaint and, in paragraph 39, incorporated by reference into the fourth cause of action. Thus, the fourth cause of action did not arise from any protected activity. This is true as well for the fifth cause of action (declaratory relief), which makes no new mention of the protected activity and is therefore susceptible to the same analysis.

In its cross-appeal, Crane Ridge argues the superior court erred in concluding the breach of contract claim in the complaint's third cause of action arose from protected activity. We disagree.

As to the first step of the anti-SLAPP analysis, Crane Ridge contends that the breach of contract did not arise from the Tonnas' submissions to Alameda County, but instead from the Tonnas' construction of unapproved modifications. Put simply, that is not what the complaint alleges. Paragraph 37 of the complaint reads: "[The Tonnas] breached the MSA by, without limitation, failing to submit the revised Garage Plan which was substantially similar to the plans dated April 1, 2016 and March 5, 2018 . . . and approved by [Crane Ridge] to Alameda County. Instead, [the Tonnas] submitted to Alameda County a substantially altered Garage Plan that violated the MSA and ECAP [(East County Area Plan)], and was not previously reviewed nor approved by [Crane Ridge] as required by the MSA." Thus, the complaint expressly identifies the alleged breach with the Tonnas' alleged "fail[ure] to submit" authorized plans "to Alameda County," and their corresponding submission of unauthorized plans. Although the third cause of action uses the phrase "without limitation," and incorporates by reference other acts alleged under previous causes of action, no other conduct is

---

arose from a protected act, argued below that their application to Alameda County was the protected act; they made no showing with respect to the October 2018 promise.

identified as a breach of the MSA. Indeed, in the very next paragraph, Crane Ridge alleged that it suffered damages "[a]s a direct and proximate result of the [Tonnas'] breach of the MSA *as described above*," leaving no doubt as to what the complaint regards as the injury-producing act.[8] (Italics added.) For that reason, we reject Crane Ridge's arguments concerning the first step of the anti-SLAPP analysis.

"Once a defendant shows that [section 425.16] applies, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the merits." (*Vogel v. Felice* (2005) 127 Cal.App.4th 1006, 1017.) " 'In order to establish a probability of prevailing on the claim (§ 425.16, subd. (b)(1)), a plaintiff responding to an anti-SLAPP motion must " 'state[] and substantiate[] a legally sufficient claim.' " [Citations.] Put another way, the plaintiff "must demonstrate that the *complaint is both legally sufficient and supported by a sufficient prima facie showing of facts* to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." ' " (*Ibid*.) Here, in its opposition to the anti-SLAPP motion, Crane Ridge attempted to make that showing by citing evidence that the Tonnas "constructed their garage addition with the Unapproved Modifications, in violation of the terms of the MSA . . . ." But this evidence does not substantiate the breach of contract claim in Crane Ridge's complaint; as we have already shown, that claim alleges that the Tonnas violated the MSA by applying to Alameda County for a building permit, not by "construct[ing] their garage addition."

---

[8] The complaint's perspicuity on this point frustrates Crane Ridge's attempt to liken the present case to *Wang v. Wal-Mart Real Estate Business Trust* (2007) 153 Cal.App.4th 790, 809, where the "overall thrust of the complaint challenge[d] the manner in which the parties privately dealt with one another, on both contractual and tort theories, and [did] not principally challenge the collateral activity of pursuing governmental approvals."

And as the trial court pointed out, there is no evidence that could prove Crane Ridge's claim as pleaded, because the "MSA does not specify what [the Tonnas] must submit to the County." Thus, the Tonnas' submissions could not have breached the MSA, and Crane Ridge's complaint was not legally sufficient in this respect.[9] In sum, Crane Ridge failed to make the requisite second-step showing.

## DISPOSITION

We affirm. Crane Ridge's request for attorney fees and costs under section 425.16, subdivision (c), is denied. Each party shall bear their own costs on appeal.

---

[9] Arguably, a breach-of-contract claim would lie if Crane Ridge's pleading were to identify the breach with the unauthorized construction, or provide some textual ground for interpreting the complaint that way. Indeed, the trial court's order concerning the anti-SLAPP motion included the following statement: "This motion does not preclude Plaintiff from later filing a noticed motion seeking to amend its Complaint to add a cause of action for breach of contract that is not based on protected activity (e.g., a cause of action based on unauthorized construction of improvements rather than on submission of permit applications.)"

_____

Smiley, J.


WE CONCUR:


_____

Humes, P.J.


_____

Langhorne Wilson, J.


*Crane Ridge Vinyards Owners' Association v. Tonna*  A168175

8